## The State of Minnesota *vs.* E. S. Jones.

### October 26, 1877.

**Taxation of Mortgage Debt where Payment Depended on Sale of the Mortgaged Land.**—J. conveyed lands to G. at the agreed price of $60,000, of which $10,000 was paid in hand, and for the remainder G. executed notes payable at a fixed time, and a mortgage on the land. No other instruments relating to the transaction were executed. The purpose of the transaction was to enable G., without becoming agent for J., to sell the lots into which the lands were subdivided, and to provide, in case of his failure to sell, for the return to J. of the property so conveyed, or so much thereof as should remain unsold. The parties understood that payment of the notes depended on prospective sales of lots. G. was not pecuniarily responsible, and without the mortgage the notes were worthless and uncollectable; and J. never intended to hold G. responsible. *Held,* that J. may be assessed for taxation upon the debt created by the notes and mortgage.

Proceeding in the district court for Hennepin county to collect delinquent personal taxes. An appeal by defendant having been dismissed, (see *State* v. *Jones, supra,* p. 86,      ,) the case now comes to this court upon the report provided in Laws 1874, *c.* 1, § 120.

*Woods & Merrill,* for appellant, argued that the mortgage, being a *chose in action,* was not subject to taxation unless it was a "credit;" (Constitution, art. 9, § 3;) that only such debts as owe their existence to an exercise of credit in some form, are properly termed credits for the purpose of taxation; that the creditor must receive a promise which he relies upon as the equivalent in money value of the property he parts with; or the transaction is not strictly a credit; and that the mortgage in this instance stood upon the same footing as a credit which the holder believed could not be collected. Gen. Laws 1875, p. 25, §5.

*J. W. Lawrence,* for respondent.

GILFILLAN, C. J.   The defendant being cited to show cause before the district court in Hennepin county why he should not pay certain taxes assessed against him for personal property in that county, amounting to $1,065, alleged that, as to $852 of the amount, it was assessed upon a certain mortgage not listed by him, but inserted in the list without his consent, which he claims is not, by reason of the peculiar circumstances under which it was given, subject to taxation.

The circumstances attending the giving of the mortgage, as stated in his answer, were in substance these: Defendant owned certain lands adjoining the city of Minneapolis, and conveyed the same to H. A. Gale, for the sum of $60,000, of which $10,000 was paid in cash, and for the remaining $50,000 Gale executed to him 340 notes, payable on or before five years from November 4, 1872, and also a mortgage upon the lands. The number of the notes corresponded with the number of lots into which the lands were platted.

So far as appears from the answer, the deed, notes and mortgage were the only instruments executed between the par-

ties, and it does not appear but they were in the ordinary form of such instruments. The defendant, however, alleges that they do not express the actual nature of the arrangement between them; that the purpose of the transaction was to enable Gale, without becoming agent for defendant, to sell the lots into which the land was subdivided, and to provide, in case of a failure to sell the lots, for the return to defendant, through the process of foreclosure, of the property so conveyed, or so much thereof as should remain unsold by Gale; that it was well understood between him and Gale, when the notes and mortgage were given, that payment of the same depended on the prospective sale of said lots; and he also alleges that Gale was not, at the time the mortgage was given, nor ever afterwards, pecuniarily responsible for the notes mentioned in the mortgage, nor any of them; and defendant never intended to hold Gale personally responsible on any of them; and that said notes and all the same, and the several claims and demands evidenced thereby, were and are of themselves worthless and uncollectible.

We are unable to say that these matters, which the parties omitted to express in the instrument executed, affect in any way the relation in law which the deed, notes and mortgage created between them. The title to the lands vested in Gale, as the parties, according to the answer, intended. The notes and mortgage created a debt for the remainder of the agreed price of the lands, and made Gale the debtor, promisor, and mortgagor, and defendant the creditor, promisee, and mortgagee for that amount. That the parties anticipated that Gale would be able to pay the debt from proceeds of the sales of lots, and that if he failed to make such sales he would be unable to pay the debt, and the creditor would have to resort to the mortgage, did not make it any the less a debt which it was the duty of Gale to pay, and which defendant could enforce, at least to the extent of the value of the land. The answer does not allege any agreement or even intention of the parties to the contrary. This debt was property, and it was

the intention both of the constitution and statute that all property, unless expressly exempted, should be taxed. Whether property comes within one of the classes specified in the constitution, such as "credits," or not, if it be "real or personal property," it is, according to section 3, art. 9 of the Constitution, subject to be taxed.

The decision of the court below is affirmed, and the case will be remanded for further proceedings.