STATE ex rel. JAY W. CRANE and Another v. CHAMBER OF
COMMERCE OF MINNEAPOLIS and Others.

July 17, 1899.

Nos. 11,712—(103).

## Certificate of Membership—Transfer—Bankruptcy of Holder—Discharge from Unpaid Debts.

The respondent corporation was organized to facilitate buying and sell-
ing of products, to inculcate principles of justice and equity in trade, and
to facilitate speedy adjustment of business disputes among its members.
It had no capital stock, but the price of a certificate of membership was
$1,000. The rules of the corporation provided that, after a proposed
member was elected, he should pay that sum, or present a membership
certificate, duly transferred to himself, and pay a transfer fee of $15;
that notice of a proposed transfer of such a certificate should be given
the members by posting the same for 10 days, and, "if no objection shall
have been made on account of any unsettled contracts, claims, demands,
or complaints against the holder of such membership," it may be trans-
ferred, but, if there are objections, the board of directors shall, upon a
hearing, determine the sufficiency of the same. A member was ad-
judged a bankrupt in the United States district court, and was, by order
of the court, discharged from his debts. His trustee in bankruptcy sold
his certificate to a person who was duly elected a member of the cor-
poration, and who presented the certificate, and tendered the $15 fee.
Notice of the proposed transfer of the certificate was posted. Two mem-
bers who held claims against the bankrupt, which were barred by the
order discharging him from his debts, objected to the transfer, because
such debts were not paid. *Held*, the debts so barred gave the objectors
no standing to make the objection, and a writ of mandamus will lie to
compel the corporation to transfer the certificate.

Alternative writ of mandamus issued by the district court for
Hennepin county requiring defendants Chamber of Commerce and
its president and secretary to transfer to relator Robbins a certain
certificate of membership or to show cause why they had not done
so. The case was tried before Elliott, J., who found in favor of
defendants; and from an order quashing the writ, relators appealed.
Reversed.

*Charles R. Fowler,* for appellants.

Rule 12, as applied to transfers of membership, is void for uncertainty, ambiguity, and indefiniteness, and as being unreasonable, vexatious, and oppressive. A by-law must be free from ambiguity, and afford complete protection to those who are to obey it. 1 Beach, Priv. Corp. § 308. The usage of the chamber in construing the by-law was not binding. Manson v. Grand Lodge A. O. U. W., 30 Minn. 509. The rule, as construed by defendants and by the court, is void as against public policy and an unlawful restriction on the alienation of personal property. Property is the right of dominion, possession, and power of disposition. Braceville v. People, 147 Ill. 66; 23 Am. & Eng. Enc. 637. Whatever rights in property a man has are alienable. Gray, Restr. Alien. § 166. A by-law restricting alienation is void as in restraint of trade. Moore v. Bank, 52 Mo. 377. See People v. Fire Department, 31 Mich. 458; Morse v. Blood, 68 Minn. 442; Albers v. Merchants, 39 Mo. App. 583, 598. Membership is property, and passes to a trustee in bankruptcy, subject only to the conditions and restrictions attaching to it in the hands of the bankrupt. In re Ketchum, 1 Fed. 840; Hyde v. Woods, 94 U. S. 523; In re Warder, 10 Fed. 275. The law discountenances all attempts by corporations to prevent sale and transfer of stock. 1 Cook, Stock & Stockh. § 408; Baldwin v. Canfield, 26 Minn. 43; Sargent v. Franklin, 8 Pick. 90; Driscoll v. West, 36 N. Y. Sup. Ct. 488; Farmers v. Wasson, 48 Iowa, 336.

As construed by defendants and the court, the rule is ultra vires. Albers v. Merchants, supra; People v. New York, 149 N. Y. 401, 411; Haebler v. New York, 149 N. Y. 414, 428; Rochester Ins. Co. v. Martin, 13 Minn. 54 (59); Thomas v. Railroad Co., 101 U. S. 71, 82; People v. Chicago, 170 Ill. 556; Kolff v. St. Paul F. Ex., 48 Minn. 215; Bergman v. St. Paul M. B. Assn., 29 Minn. 275, 278; Bisbee, Law Prod. Ex. § 48. The directors had no jurisdiction to pass on the objections to membership. No conduct contrary to principles of justice and equity in trade was charged. In re Haebler, 15 Misc. (N. Y.) 42; People v. New York, supra; Haebler v. New York, supra; People v. New York, 8 Hun, 216, 219. No debt or claim existed on which to base objection. The debt was barred. St. Anthony Falls W. P. Co. v. Greely, 11 Minn. 225 (321); Trebby v. Simmons, 38 Minn.

508; Humphrey v. Carpenter, 39 Minn. 115; In re Doty, 16 N. B. R. 202. There can be no estoppel when the directors were acting without the corporate powers. People v. Chicago, supra; Greene v. Board, 174 Ill. 585; People v. New York, supra; Ryan v. Cudahy, 157 Ill. 108, 118; State v. Milwaukee, 47 Wis. 670, 680. See Ex parte Saffery, L. R. 4 Ch. D. 555, 561.

*Wilson & Van Derlip*, for respondents.

The Chamber of Commerce has power to prescribe conditions of membership. G. S. 1894, § 2983, subd. 5. The enactment of the rule in question is within the express terms of the statute. Brent v. President & Directors of Bank, 10 Pet. 596; Pitcher v. Board, 121 Ill. 412; 23 Am. & Eng. Enc. 769; People v. Board, 45 Ill. 112; Thompson v. Adams, 93 Pa. St. 55; Board v. Nelson, 162 Ill. 431; Com. v. Union, 135 Pa. St. 301. Such associations have of necessity the right to attach to membership such conditions as may be deemed proper to carry out the purposes of their organization. Board v. Nelson, supra. Such by-laws are valid, if any object of the association is promoted thereby. People v. Board, supra; State v. Milwaukee, 47 Wis. 670; Morawetz, Corp. § 494; Com. v. Union, supra; People v. New York, 149 N. Y. 401. The rules and regulations become the terms or rights of membership. Hyde v. Woods, 94 U. S. 523. See also Board v. Nelson, supra; Brent v. President & Directors of Bank, supra; Belton v. Hatch, 109 N. Y. 593; Powell v. Waldron, 89 N. Y. 328; Platt v. Jones, 96 N. Y. 24; Londheim v. White, 67 How. Pr. 467; Ritterband v. Baggett, 4 Abb. Pr. (N. C.) 67; 1 Thompson, Corp. § 955; 5 Am. & Eng. Enc. (2d Ed.) 88. Such associations have inherent power by rules or by-laws to disfranchise or expel members. 23 Am. & Eng. Enc. 759, note 2. The members of the stock exchange may agree to be governed by such rules as they think proper, not in conflict with the law of the land; and for a violation of such rules may suspend or expel a member, after a fair and orderly hearing, according to the constitution and by-laws. 23 Am. & Eng. Enc. 761, note 1; Matthews v. Associated, 136 N. Y. 333; People v. New York, 149 N. Y. 401; Haebler v. New York, 149 N. Y. 414; Lafond v. Deems, 81 N. Y. 507; Com. v. Union, supra. There is no difference between in-

corporated and unincorporated associations in this respect.    4 Am. & Eng. Enc. (2d Ed.) 595; Board v. Nelson, supra; People v. Board, 80 Ill. 134.

One accepting membership accepts it subject to all the conditions thereof.    Belton v. Hatch, supra; 23 Am. & Eng. Enc. 768, 769; Powell v. Waldron, supra; Hyde v. Woods, supra; White v. Brownell, 3 Abb. Pr. (N. S.) 318, 4 Abb Pr. (N. S.) 162; 5 Am. & Eng. Enc. (2d Ed.) 100; Com. v. Union, supra; Greene v. Board, 63 Ill. App. 446; Haebler v. New York, supra; 1 Thompson, Corp. § 941; 23 Am. & Eng. Enc. 767; Lewis v. Wilson, 50 Hun, 166.    Such member is conclusively presumed to know and to accept the rules.    White v. Brownell, supra; Board v. Nelson, supra; Haebler v. New York, supra; O'Brien v. Grant, 146 N. Y. 163; Belton v. Hatch, supra; Weston v. Ives, 97 N. Y. 222; Com. v. Union, supra; People v. Board, 45 Ill. 112.    Where the rules provide for a body to pass on and enforce the conditions of membership, its finding is conclusive.    23 Am. & Eng. Enc. 763; White v. Brownell, supra; Lewis v. Wilson, supra; Thompson v. Adams, supra; Greene v. Board, supra.    The discretion of the court cannot be substituted.    Nichols v. Eaton, 91 U. S. 716; Pitcher v. Board, supra; Board v. Nelson, supra; Com. v. Union, supra; Haebler v. New York, supra; People v. New York, supra.    Such boards are not bound by the rules of courts.    If the investigation be bona fide, and after opportunity to be heard, it is conclusive.    Brent v. President & Directors of Bank, supra; Hutchinson v. Lawrence, 67 How. Pr. 38, 53; Board v. Nelson, supra; Vaughn v. Herndon, 91 Tenn. 64; Hurst v. New York, 100 N. Y. 605; Lewis v. Wilson, supra; Com. v. Union, supra.    Such determinations are analogous to awards by tribunals of the parties' own choosing.    23 Am. & Eng. Enc. 763, note 2; Board v. Nelson, supra; Com. v. Union, supra.    Courts are restricted to the question of the jurisdiction of such boards under rules/or by-laws legally enacted, and cannot inquire into the merits of a matter decided by them.    23 Am. & Eng. Enc. 763, 764, 773; Pitcher v. Board, supra; Gregg v. Massachusetts, 111 Mass. 185; Barrows v. Massachusetts, 12 Cush. 402; Lewis v. Wilson, supra; State v. Milwaukee, supra; Board v. Nelson, supra; Vaughn v. Herndon, supra; Appeal of Sperry, 116

Pa. St. 391; Ryan v. Cudahy, 157 Ill. 108; Com. v. Union, supra; White v. Brownell, supra.

Rules of an association like defendant, giving its members a preference or advantage over nonmembers do not conflict with, and are not affected by, bankruptcy or similar acts. Hyde v. Woods, supra; O'Brien v. Grant, supra; 23 Am. & Eng. Enc. 769, 771, 772; Belton v. Hatch, supra. The proceedings in this case were regular. The application to transfer was made by Crane, who would be in law the applicant referred to in the rule. Platt v. Jones, supra; Belton v. Hatch, supra. By appearing before the board, relators waived any irregularity in the constitution of the board or its mode of procedure. Pitcher v. Board, supra; Haebler v. New York, supra.

Notwithstanding the discharge in bankruptcy, the board was authorized to pass on any objection on account of any unsettled contract, claim, demand, or complaint against the holder of the membership. The discharge was at most a bar to enforcement of the obligation, so as to affect the remedy. Brent v. President & Directors of Bank, supra; In re Burton, 29 Fed. 637, 639. A state court does not lose jurisdiction because of the discharge, and unless the bankrupt pleads his discharge judgment may be rendered against him. Manwarring v. Kouns, 35 Tex. 171; Seymour v. Browning, 17 Oh. St. 362; Steward v. Green, 11 Paige, 535; Fellows v. Hall, 3 McLean, 281; Horner v. Spelman, 78 Ill. 206; Dig. Fed. Cas. Column 484, § 634; Hyde v. Woods, supra. After discharge the moral obligation remains. Lambert v. Schmalz, 118 Cal. 33; Mutual Reserve Fund Life Assn. v. Beatty, 93 Fed. 747. Hence, the chamber having been established to inculcate principles of justice and equity between its members, it was competent for the board to declare the unsettled contract a sufficient objection. Hurst v. New York, supra.

CANTY, J.

On August 29, 1898, one Thayer was a member of the Chamber of Commerce of Minneapolis. On that day he was adjudged a bankrupt by the United States district court of the district of Minnesota, and the relator Crane was duly appointed his trustee in bankruptcy. By order of that court made November 12, 1898, Thayer was dis-

charged from all his debts existing on the former date. A part of the assets of Thayer which came into the possession of Crane, as such trustee, was the certificate of membership of Thayer in the Chamber of Commerce. Crane sold this certificate to the relator Robbins, and agreed to procure a transfer of it to him on the books of the Chamber of Commerce. The latter refused to transfer the certificate to Robbins, and he and Thayer sued out a writ of mandamus to compel the Chamber of Commerce to do so. On the trial, the court quashed the writ, and the relators appealed.

The Chamber of Commerce is a corporation organized under the laws of this state. It was organized for the following purposes, as stated in its articles of incorporation:

"To facilitate the buying and selling of all products, to inculcate principles of justice and equity in trade, to facilitate speedy adjustments of business disputes, to acquire and disseminate valuable commercial information, and, generally, to secure to its members the benefits of co-operation in the furtherance of their legitimate business pursuits, and to advance the general prosperity and business interests of the city of Minneapolis."

The corporation has no capital stock, but each member, on being admitted, receives a certificate of membership. The rules of the corporation provide that its president shall annually appoint a committee of five, to serve one year, to be known as the "committee on membership," whose duty it shall be to examine all applicants for membership. It further provided:

"A majority of said committee being satisfied that such applicant should be admitted as a member, the name of said applicant shall be placed on the bulletin board of the exchange room at least three days prior to being balloted for by the board of directors. Such applicant may be admitted to membership in this association upon approval, by at least seven affirmative ballot votes, of the board of directors; and upon signing an agreement to be governed by the charter, rules, and by-laws of the Chamber of Commerce, and paying the annual or other assessment then due, or on presentation of a membership duly transferred, and paying a transfer fee of $15. * * * Before any membership can be transferred, under the provisions of this rule, notice of or application for such transfer shall have been posted upon the bulletin of the exchange rooms for at least 10 days; when, if no objection shall have been made on account of any unsettled contracts, claims, demands, or complaints

against the holder of such membership, it shall thereupon be assumed that the membership is unimpaired; and, after transfer of a membership, no subsequent complaint, claim, or demand against the former holder shall impair such membership so transferred and in the hands of an innocent party. The notice or application for transfer shall state the name of the person to whom it is proposed to be made. Objections to the transfer must be in writing, signed by the party objecting, and filed with the secretary, and the party objecting shall also, on the day of filing the same, serve a copy of his objections upon the applicant for transfer. The board of directors shall, upon hearing the parties, determine the sufficiency of such objections. In case any membership shall be transferred in violation of any of the foregoing provisions, such transfer shall be null and void. If any member of this association shall desire to purchase a membership from another member of the association, the purchaser may present to the secretary, at his office, the certificate purchased, and, at the request of the purchaser, the secretary shall cause to be posted in the exchange room, for 10 business days, a notice of the said sale and proposed transfer. After the expiration of said 10 days, if no objection to the sale and transfer has been filed in the secretary's office, he may transfer the membership to the purchaser on the books of the association, and issue a certificate to him, cancelling the certificate surrendered, without the payment of transfer fee. Should the party to whom the membership has been transferred, at any time desire to transfer the membership to a nonmember of the association, with the intent of his becoming a member, the party, on becoming a member, shall pay the regular transfer fee of $15 to the association. No member of the association shall be entitled to more than one vote, at any election, on any question that may come before the association, regardless of the number of memberships he may own. In case objections are made to the transfer of any membership under this section, the same rules shall govern the proceedings as are made in this section governing the regular transfer of memberships."

No person can become a member of the corporation without paying a membership fee of $1,000, or procuring the transfer to himself of a certificate of membership and paying a fee of $15.

Robbins was duly elected a member in the manner provided by these rules. The certificate of membership of Thayer was duly presented to the proper officers of the corporation, to be transferred by them from Thayer to Robbins. Notice of the application for such transfer was duly posted for more than 10 days on the bulletin of the exchange room of the corporation. Thereupon two objections to the transfer were duly filed and served by members of the cor-

poration.   One objection was made by L. T. & H. P. Watson, on the ground that they had a claim against Thayer for the sum of $191.88, and the other objection was made by one Jolley, on the ground that he had a claim against Thayer for the sum of $123.63.   The board of directors heard the parties on these objections, and determined that they were sufficient to prevent the transfer of the certificate of membership to Robbins, and refused to make the transfer.   This is the sole reason why the transfer was refused.   It was stipulated in the court below that at the time Thayer was adjudged a bankrupt, August 29, 1898, he was indebted to the objectors in the amounts, respectively, stated by them; that he duly scheduled these debts in the bankruptcy proceedings, in his list of his creditors whose claims were unsecured; and it is conceded that he was discharged from these debts by the order of discharge aforesaid.

In our opinion, there is but one question in this case, and that is whether the objectors had any standing to object to the transfer of the certificate after their debts were barred by the discharge in bankruptcy of the debtor.

It was stipulated on the trial that the case should be tried on the return to the writ and on the additional facts stated in the stipulation.   Respondent alleges in its return, and the court finds, that the board of directors, in passing on the question, were not required to observe technical rules of law, but are authorized to render decisions in matters coming before them with a view to compelling honest, just, and equitable conduct on the part of its members, and that the decision of the board is final and conclusive.   Respondent lays stress on these alleged findings, but we regard them as mere conclusions of law.   After the debts due to the objectors were barred by the discharge in bankruptcy, they had, in our opinion, no standing as objectors.   There is nothing in the articles of incorporation, rules, or by-laws which gave these objectors a lien on the certificate of Thayer for the payment of any debts which he might owe them.   If they had such a lien, it may be conceded that it would not be dissolved by the discharge in bankruptcy, and the case would then be similar to Hyde v. Woods, 94 U. S. 523, cited by respondent.   But the objectors had no such lien.   The only way in which they could ever appropriate this certificate to the pay-

ment of the debts due them was by resorting to the personal liability of Thayer, and obtaining a personal judgment against him, and then, either through supplemental proceedings or execution, the certificate could be disposed of, and the proceeds applied to the payment of the judgment. If the objectors had a right to resort to such personal liability, the right to object to the transfer by him of the certificate might indirectly be of considerable benefit to them, as it might, perhaps, have the effect of making them preferred creditors. But they cannot resort to such personal liability. That remedy is barred by the discharge in bankruptcy, and there is now no way in which they can appropriate this certificate to the payment of the debts which he owed them. Then this certificate cannot be appropriated to the payment of the debts due from the bankrupt to his fellow members, and the corporation holds that it cannot be appropriated to the payment of the debts due from him to any one else.

Does not the position of the corporation amount to this: that the certificate cannot be appropriated to the payment of his debts at all, and he may enjoy the benefit of it and remain a member all his life? Such a certificate is a species of property. 23 Am. & Eng. Enc. 768; Hyde v. Woods, supra. True, the member has only a qualified ownership in his certificate. But in this case all of the conditions attached to the right to assign the certificate have been complied with except one. That condition is, in effect, that the certificate shall not be appropriated to the payment of the member's debts. In our opinion, such a condition is against public policy and void. Then the construction which respondent has put upon its own rules leads to this result. It may be that the better construction is that it was never intended by the rules to give a member a right to make such an objection after the debt on which he bases his objection was barred by a discharge in bankruptcy. But we need not decide this point. Whichever construction is adopted, the result is the same,— the order appealed from must be reversed.

Order reversed, and case remanded to the court below, with directions to enter judgment for relators in conformity with this opinion.