McCARTHY BROS. COMPANY v. CHAMBER OF COMMERCE OF MINNEAPOLIS and Others.[1]

October 2, 1908.

Nos. 15,650—(131).

**Lien on Membership in Defendant Chamber.**

A corporation which has not complied with the rules of the Chamber of Commerce of the city of Minneapolis which prescribe the manner in which a corporation may acquire membership in the chamber, and signed and filed an agreement to observe faithfully and be obligated by all the rules, regulations, usages, and customs governing the members of the chamber, as required by such rules, cannot acquire a lien upon the membership of a member of the chamber under the rules of the chamber.

**Same.**

The lien which is provided for under the rules of the chamber exists only for the benefit of the members of the chamber, and is security for the payment of claims of a certain nature and character arising out of transactions between members.

**Estoppel against Chamber.**

A corporation can only acquire membership in the Minneapolis chamber of commerce by complying with section ten of rule twelve (section 10, rule XII, as amended September 27, 1906). The fact that a corporation which succeeded to the business of a firm which had complied with said rule continued to transact business with the officers of the chamber without itself complying with the rule and obligating itself to observe the rules, usages, and customs of the chamber, does not estop the chamber from asserting that the corporation is not a member, and as such entitled to a lien upon the membership of a member with whom it has had business transactions.

**Hearing without Notice.**

The board of directors of the chamber of commerce has no power to determine the validity of a claim to a lien upon a membership in the chamber without notice to the proposed transferee. If proper notice of the hearing is not given, its action is of no effect.

Action in the district court for Hennepin county to restrain defendant chamber of commerce from transferring a certain member-

[1] Reported in 117 N. W. 923.

105 M.—32

ship certificate to William F. Fruen and to obtain a decree entitling plaintiff to a lien upon the certificate for a sum amounting to $4,300, and to enforce such lien. The case was tried before Simpson, J., who found that plaintiff never had any claim or lien upon a certain certificate of membership numbered 2,073 and never had any valid objection to the transfer thereof upon the books of the chamber. From an order denying plaintiff's motion for a new trial, it appealed. Affirmed.

*A. L. Brice* and *Kerr & Fowler,* for appellant.

*Wilson & Mercer,* for respondents Chamber of Commerce and its officers.

*Van Derlip & Lum,* for respondent Fruen.

ELLIOTT, J.

In this action the McCarthy Bros. Company, a corporation, sought to restrain the Chamber of Commerce of Minneapolis from transferring a certain certificate of membership in the chamber from William Maxwell to William Fruen, and to have a lien which it claimed on such membership established and enforced. The trial court found that the plaintiff had no lien on the membership, and ordered judgment for the defendants. The appeal is from an order denying the plaintiff's motion for a new trial. As we have reached the conclusion that the trial court was correct in holding that the plaintiff was not a member of the chamber of commerce at the time of the occurrence of the transactions in question, and therefore under the rules of the chamber not entitled to claim a lien upon Maxwell's membership, the other questions raised and argued on the appeal do not require special consideration.

1. The firm of McCarthy Bros. Company transacted business on the floor of the chamber of commerce from April 9, 1901, until some time in July, 1901, when it was incorporated under the name of Mc-Carthy Bros. Company. This corporation succeeded to the business and the property of the firm. The firm of McCarthy Bros. Company had complied with the rules of the chamber, and was entitled to the privileges of membership, "for the purposes of all trades, contracts, or transactions made in its behalf on the floor of the chamber, and for the purpose of objecting to the transfer of any membership in the

chamber of commerce as permitted by the rules." These rules (section 11, rule XII) provided that "any member of this association to whom another member is indebted upon any claim, demand, or transaction arising from, or entered into by virtue of membership in this association, shall have a lien upon the membership of such debtor for the amount of such claim, demand, or indebtedness, which lien may be enforced at any time after the expiration of one year after such claim, demand, or indebtedness became due and payable, by a sale of said membership by the secretary of this association upon the notice, and as provided in section 3 of rule XII of this association in respect to the sale of memberships to satisfy delinquent assessments." The lien thus given exists by virtue of the fact of membership only, and, of course, does not exist in favor of any person, firm, or corporation who is not a member of the chamber, and who has not by compliance with the rules and by-laws subjected his own membership to similar liability on behalf of other members.

Full membership in the chamber can be acquired only by individuals, and the certificates therefore stand in the names of individuals. But the rules provide for qualified membership by business firms and corporations for certain defined purposes, and until such membership is acquired neither firms nor corporations are entitled to the privileges and benefits of membership. Section 12 of rule XII, which was in force at the time of these transactions, provides that "any business firm, one at least of whose members shall be a member in good standing of the Chamber of Commerce of Minneapolis, and any business corporation, one or more of whose principal executive officers, shall be a member in good standing of the Chamber of Commerce of Minneapolis, shall be deemed a member of said association in respect to, and for the purpose of, all trades, contracts, or transactions made in its behalf on the floor of the chamber, and for the purpose of objecting to the transfer of any membership in the Chamber of Commerce, as permitted by the rules; provided, such firm or corporation shall first be so recognized by a resolution of the board of directors; and provided, further, that such firm or corporation shall have first signed an agreement with the Chamber of Commerce of Minneapolis to observe faithfully and to be obligated by all the rules, regulations, usages, and customs governing the members of said Chamber of Commerce,

and regulating all dealings and business transactions between said members; and upon the adoption of such a resolution and the signing of such an agreement (to be evidenced by filing the same with the secretary of the association), such firm or corporation shall be entitled to all the rights and privileges, and shall be subject to all the restrictions, duties, liabilities, penalties and conditions of members of the Chamber of Commerce as respects the transaction of business between members of the chamber." When the corporation was organized, it continued to carry on the business which had previously been transacted by the firm, which had complied with section 10 of rule XII. No attempt was made by the corporation to comply with this rule, and the trial court found that between July, 1901, and October 1, 1905, the McCarthy Bros. Company "was not deemed a member of said chamber for any purpose, and was not entitled to any of the rights or privileges granted or permitted to members of said chamber," and that prior to October 1, 1905, "none of the defendants knew that said partnership of McCarthy Bros. & Co., had ceased to do business, or that plaintiff was a corporation, but that all business transacted between plaintiff and the chamber up to said date was transacted by the latter in the belief that plaintiff was said partnership of McCarthy Bros. & Co." This finding of fact is amply sustained by the evidence.

The plaintiff claims a lien for an indebtedness due it from one Maxwell, all of which was created prior to October 1, 1905. The question of the nature of this indebtedness—that is, whether it was of such a nature as would give rise to a lien upon a certificate of membership in favor of another member of the chamber—need not be considered, as McCarthy Bros. Company was not at the time a member and entitled to the privileges of membership. The legal character of the Chamber of Commerce and the nature of its business have been several times considered by this court. Its general objects and purposes, as stated in the charter, are to facilitate the buying and selling of all products, to inculcate speedy adjustment of business disputes, to acquire and disseminate valuable commercial information, and generally to secure to its members the benefits of co-operation in the furtherance of their legitimate business pursuits, etc. In pursuance of its statutory and inherent powers to make proper rules and regulations for its government and operation (Evans v. Chamber of

Commerce of Minneapolis, 86 Minn. 448, 91 N. W. 8), the chamber adopted the rule which we have quoted, which enables business firms and corporations to acquire membership for the purposes therein stated. In no other way can a corporation become a member of the chamber. As said of a similar co-organization in American v. Chicago, 143 Ill. 210, 32 N. E. 274, 18 L. R. A. 190, 36 Am. St. 385, it had "an undoubted right to adopt this rule, and as it prescribes the mode and the only mode in which membership in the exchange can be obtained, no one can justly claim to be a member who has not been admitted in the mode thus prescribed."

The reasons why the rule and regulations with reference to the acquisition of membership must be given full force and effect lie on the surface. The business transacted by such organizations and the methods pursued are unusual and special. The members do not deal at arm's length to the same extent as under ordinary circumstances. An unusual degree of confidence is imposed by each member in his fellow members, not because human nature is more trustful and confiding in the chamber of commerce than elsewhere in the marts of trade, but because the business is transacted under unusual self-imposed restrictions and with extraordinary provisions for enforcing verbal agreements and understandings which possibly may not be enforceable in the courts. Membership in the chamber in itself implies a certain measure of financial responsibility, as the membership is pledged for the performance of obligations entered into by virtue of membership. With these special privileges go corresponding burdens. When a corporation wishes to obtain the advantages of membership, such as the right to a lien for certain debts due it from other members, it is required to make a formal application therefor, and in addition sign an agreement with the chamber "to observe faithfully and to be obligated by all the rules, regulations, usages, and customs governing the members of said chamber of commerce and regulate all dealings and business transactions between said members." This was never done by McCarthy Bros. Company. It was never under any legal obligation to observe the regulations, usages, and customs of the chamber, and was, therefore, not in a position to claim a lien upon a membership which existed only by virtue of the rules and in favor of members of the chamber

But the appellant contends that the chamber waived this require- ment and cannot now be heard to say that the corporation was not a member, prior to October, 1905, when it acquired membership by complying with section 10 of rule XII. There is evidence tending to show that some of the officers of the chamber knew that the firm had been incorporated. After the incorporation checks were made out and delivered to the chamber in the corporation form and name. A lease for certain offices was also made to the corporation. But this evidence is entirely insufficient to justify this court in overthrowing the specif- ic finding of the trial court. At most it merely shows that the offi- cers of the chamber permitted the corporation to enjoy certain privi- leges to which it was not entitled. If the chamber was asserting rights against McCarthy Bros. Company, the latter might be estopped from asserting that it was not a member of the chamber; but no es- toppel arises in favor of the corporation against the assertion by the chamber that the corporation is not entitled to all the privileges of membership because it for a time without objection was permitted to enjoy some of the privileges of membership.

2. On February 4, 1905, the respondent Fruen was the owner of a certificate of membership in the chamber of commerce designated as No. 1,115. On that date he assigned it to William Maxwell, who ap- plied to have the same transferred to him on the books of the chamber. Pursuant to this application a new certificate, No. 2,073, was issued to Maxwell on February 16, 1905. On October 4, 1905, Maxwell as- signed and transferred this membership, No. 2,073, to Fruen. The certificate, with the assignment thereon, was by Fruen filed with the secretary of the chamber, with a request, signed by Maxwell, for the transfer of the membership to Fruen, in accordance with section 2, rule XII, of the rules of the chamber. At the same time Fruen filed an application for membership, which was duly approved, by the com- mittee on membership of the chamber. The request for transfer and the application for membership were then posted and (on October 10, 1905,) McCarthy Bros. Company filed with the secretary its objections to the transfer of said membership, No. 2,073, from Maxwell to Fru- en. A copy of the objection was served upon Maxwell, but not upon Fruen. Section 2 of rule XII provided that "the member objecting shall also on the day of filing the same serve a copy of his objections

upon the applicant for transfer." On January 25, 1906, the board of directors of the chamber met and sustained the objections filed by the plaintiff to the transfer. Fruen had no notice of this meeting and no opportunity to be heard. Thereafter Fruen commenced an action in mandamus against the chamber of commerce to compel the transfer of the membership from Maxwell to himself. Before this action was reached for trial it was discovered that Fruen's application for membership had not been acted upon by the board of directors, and the action was thereupon dismissed. On July 27, 1906, the board of directors acted upon Fruen's application and elected him to membership. A new written request for transfer was filed by Fruen on December 3, 1906. On that date a second action in mandamus, which had been commenced by Fruen, was also dismissed, and thereafter the whole matter was submitted to the board of directors of the chamber of commerce for its determination. After a hearing thereon on January 19, 1907, all parties interested being present and heard, the board of directors found that McCarthy Bros. Company had no lien on the membership and no right to object to the transfer.

The respondents claim that the determination of the board on January 19, 1907, was final and conclusive. We need not determine the question. The appellant's contention that the action of the board at its meeting on January 25, 1906, was conclusive in its favor cannot be sustained. It was of no effect, because Fruen was not notified and had no opportunity to be heard. Section 2, rule XII, provided that "when an objection is so made the board of directors shall hear all parties and determine the sufficiency of the objection." The transferee was entitled to be heard, notwithstanding the fact that the application for the transfer as posted was signed by Maxwell only. He could not be deprived of his rights without being given an opportunity to be heard as provided by this rule.

The order of the trial court is therefore affirmed.