## STATE EX REL. A. L. GOETZMAN v. MINNESOTA TAX COMMISSION.[1]

### March 2, 1917.

### Nos. 20,274—(314).

**Taxation — judgment not a bar to later assessment as personal property.**

1. A judgment sustaining an assessment of memberships in the Minneapolis Chamber of Commerce as moneys and credits under Laws 1911, c. 285, § 1 (G. S. 1913, § 2316), *held* not a bar to an assessment of such memberships for a later year as general personal property under R. L. 1905, §§ 794-798 (G. S. 1913, §§ 1969-1975).

**Taxation — membership in chamber of commerce — place of assessment.**

2. Such memberships, though owned without the state, or within the state but without Minneapolis, the rights and privileges which give them a value in excess of the value of the tangible property of the chamber being exercisable there alone, have, for the purposes of taxation of such excess value, a *situs* there.

**Taxation — obtaining assessable value.**

3. The assessable value of a membership is found by apportioning the value of the memberships in excess of the value of the tangible property of the chamber already assessed equally among the memberships, and taking 40 per cent thereof.

Upon the relation of A. L. Goetzman, F. E. Crandall and George D. Rogers, individually and as representing others similarly situated, the supreme court granted its writ of *certiorari* to review the action of the Minnesota Tax Commission in denying a correction of the personal property assessment made against relators in the city of Minneapolis for cer-

[1]Reported in 161 N. W. 516.

tificates of membership in the Minneapolis Chamber of Commerce. Reversed.

*H. V. Mercer & Co.,* for relators.

*Lyndon A. Smith,* Attorney General, and *Egbert S. Oakley,* Assistant Attorney General, for respondent.

DIBELL, C.

*Certiorari* to review the action of the Minnesota Tax Commission in the assessment of certain memberships in the Minneapolis Chamber of Commerce. The local taxing authorities assessed the memberships, of which there were 550, as general personal property. Their value was $4,000 each, and, pursuant to the classification statute, they were assessed on the basis of 40 per cent of true value, that is, at $1,600. The relators claim that the memberships should be assessed as moneys and credits. So assessed they would contribute to the public revenue at the fixed statutory rate of three mills on the dollar. They claim, further, that if assessed as general personal property the assessment should be based on the value of the memberships over the value of the tangible property of the chamber upon which taxes are paid. The tax commission entered an order refusing to disturb the assessment. This is the order under review.

1. In State v. McPhail, 124 Minn. 398, 145 N. W. 108, 50 L.R.A. (N.S.) 255, Ann. Cas. 1915C, 538, we held that memberships in the Duluth Board of Trade, an organization not different so far as concerns questions of taxation from the Minneapolis Chamber of Commerce, were taxable as personal property and subject to a general property tax under R. L. 1905, §§ 794-798 (G. S. 1913, §§ 1969-1975). The case of Rogers v. County of Hennepin, 124 Minn. 539, 145 N. W. 112, affirmed in 240 U. S. 184, 36 Sup. Ct. 265, 60 L. ed. 594, was submitted at the same time and was affirmed in a *per. curiam* which adopted the McPhail case as controlling. In the Rogers case the memberships were assessed as moneys and credits under Laws 1911, p. 397, c. 285, § 1 (G. S. 1913, § 2316), and so assessed the statutory rate of three mills on the dollar was applicable. The relators here were the plaintiffs there. They claim that, the parties and the subject of the litigation being the same, the former

136 M.—18

judgment is *res adjudicata* and that their memberships are assessable only as moneys and credits.

In the Rogers case there was no attempt to assess as general personal property. The taxing authorities assessed as moneys and credits. The relators claimed that the memberships were not moneys and credits and were not property within the statutory classification of taxable property. Whether, if assessable, they were assessable as moneys and credits or as general personal property as in the Duluth case was not a matter of controversy. The state was not trying to assess them as general personal property. No one claimed that they should be so assessed. Obviously it was to the advantage of relators that they be assessed if at all as moneys and credits. It is clear that it was never in the mind of the court that they could not be assessed as general personal property, or that they must be assessed as moneys and credits. Whether they were property, assessable under the statute, was the large question, and this was the actual question litigated and determined. The judgment is not a bar. We have not overlooked the case of New Orleans v. Citizens' Bank, 167 U. S. 371, 17 Sup. Ct. 905, 42 L. ed. 202, cited by relators, nor the later one of Baldwin v. Maryland, 179 U. S. 220, 21 Sup. Ct. 105, 45 L. ed. 160, nor the earlier one of Keokuk & W. R. Co. v. Missouri, 152 U. S. 301, 14 Sup. Ct. 592, 38 L. ed. 450.

2. One of the relators is a resident of Minneapolis, another is a resident of the state outside of Minneapolis and the other is a nonresident of the state. A question is made as to the proper place of taxation. The character of the rights and privileges which attend membership is sufficiently stated in State v. McPhail, 124 Minn. 398, 145 N. W. 108, 50 L.R.A. (N.S.) 255; Ann. Cas. 1915C, 538, and in the earlier cases of State v. Chamber of Commerce of Minneapolis, 77 Minn. 308, 79 N. W. 1026; Evans v. Chamber of Commerce of Minneapolis, 86 Minn. 448, 91 N. W. 8, and McCarthy Bros. Co. v. Chamber of Commerce of Minneapolis, 105 Minn. 497, 117 N. W. 923, 21 L.R.A.(N.S.) 589. Such rights and privileges give whatever value there is in the memberships in excess of the value of the tangible property of the chamber. They are exercisable only at Minneapolis. For the purpose of the taxation of such excess value the memberships, though owned without the state, or within the state but without Minneapolis, have a situs there.

3. The taxing authorities assessed each of the 550 memberships at 40 per cent of $4,000, its true value, that is, at $1,600. From the standpoint of double taxation there is no constitutional objection to this. It is, however, the policy of the law to avoid duplicate taxation. Board of Co. Commrs. of Rice County v. Citizens' Nat. Bank of Faribault, 23 Minn. 280. The tangible property of the chamber is bearing its portion of the public burden. The members are in the general position of stockholders. The statute provides for the taxation of stock in foreign corporations owned by residents, but not for the taxation of stock in domestic corporations so owned. G. S. 1913, § 1974; State v. Nelson, 107 Minn. 319, 119 N. W. 1058. In this case Chief Justice Start said: "In the case of a stockholder in a domestic corporation, he is taxed in this state on his interest in the corporation when the corporation pays the tax on its property." Members should not be required to pay taxes on the value of their memberships represented by the tangible property of the chamber already assessed. Upon the excess value they should pay. The following is the method of computing the excess value and the basis of assessment and taxation:

Value of 550 memberships at $4,000 .................$2,200,000.00
Value of tangible property of chamber, now taxed........ 1,164,744.27

Excess value of memberships over tangible property ......$1,035,255.73
Excess value applicable to each of 550 memberships...... 1,882.27
Assessable value of each membership on basis of 40 per cent    752.90

Each membership should be assessed $752.90. This principle was adopted in the Duluth case. The assessment there involved was prior to the classification statute. Therefore the assessment was upon actual value. In the opinion the method of reaching the assessable value was not discussed, for that which we now adopt was the one for which the state contended. The decision is not binding as a precedent upon the proper basis of valuation, but we think the correct basis was adopted.

The commission was correct in holding, as necessarily it did in entering the order under review, that the former judgment was not a bar and that the memberships for purposes of taxation of the excess value had a situs in Minneapolis. Assessments, however, should be on the basis

of 40 per cent of the excess value determined as we have indicated and not on the basis of 40 per cent of the membership value. Further proceedings will be in accordance with these views.

Order reversed.