## STATE v. J. J. MOLYNEAUX.[1]

January 22, 1932.

No. 28,617.

*Edward J. Goff,* County Attorney, and *Frank J. Williams,* Assistant County Attorney, for the state.

*Junell, Oakley, Driscoll & Fletcher* and *Leland W. Scott,* for respondent.

HOLT, J.

The state appeals from a judgment in a tax proceeding holding a levy of a tax of $30.04 against defendant upon a membership in Minneapolis-St. Paul Stock Exchange void.

[1]Reported in 240 N. W. 468.

The facts are not in dispute. The Minneapolis-St. Paul Stock Exchange is a voluntary unincorporated association of individuals doing business in rented quarters in Minneapolis. The membership May 1, 1929, when this levy was made, consisted of 55 persons, each of whom paid $1,000 to the association when becoming a member. On May 1, 1929, the association owned the following property and none other, viz. $7,884 in bank subject to check, $50,000 represented by cashier's checks and similar instruments, and office furniture of the full value of $425. This property was duly listed for taxation, and the assessor assessed $57,884 thereof as money and credits and a tax of $173.65 was levied thereon; and the office furniture at 40 per cent of the full value, and a tax of $12.77 was levied thereon, and both sums were paid. Defendant held a membership in the association on May 1, 1929, for which he paid $1,000, and the assessor assessed the same as personal property on the basis of 40 per cent of the value of $1,000, and levied the tax of $30.04 held void by this judgment.

There can be no doubt, since the decision of State v. McPhail, 124 Minn. 398, 145 N. W. 108, 50 L.R.A. (N.S.) 255, Ann. Cas. 1915C, 538, of the right of the state under our law to tax memberships in an association of this sort. In that case the method of taxing was not an issue nor involved in the appeal, as will appear from the opinion of Mr. Justice Dibell in State ex rel. Goetzman v. Minnesota Tax Comm. 136 Minn. 260, 161 N. W. 516, 517 (he having tried the McPhail case in the court below). The procedure for levying an assessment on the membership is however so definitely outlined in State ex rel. Goetzman v. Minnesota Tax Comm. 136 Minn. 260, 161 N. W. 516, that when applied to the facts here there is no escape from the conclusion that the tax levied against defendant was correctly adjudged void. The procedure there prescribed is to deduct the value of all the property of the association subject to taxation, listed and taxed, from the total value of the memberships, the balance to be assessed against the individual members. But here the value of the property taxed to the association exceeds the value of the memberships; hence no tax can be assessed against the mem-

bers on account of the memberships. To tax the members in that situation would be duplicate taxation—something to be avoided if possible. Where an association of this sort, in addition to tangible property taxed, has intangible assets, such as good will and the like, which gives added value to a membership certificate over and above the proportionate value of the share belonging to it of the tangible property separately taxed, then properly such additional value should be taxed to individual members.

It is contended that when there appears to be more than one way or mode to proceed in taxing property the state may select the one producing the greatest revenue. This may be conceded, provided there be no duplication of taxes nor unfair discrimination. To assess memberships at 40 per cent of the full amount paid for them and levy the tax thereon at the rate of personal property generally results in unfair discrimination against unincorporated associations and their members. The status and property rights as between such associations and its members are essentially like those of corporations and its stockholders—the certificate of membership conferring the same right to the property of, or interest in, the association as a stock certificate does in a corporation. As to domestic corporations, when the tax is ascertained and paid precisely in the manner here done as to this association, the statute does not provide for the taxation of the stockholders upon their stock. The stockholder therein is free from any tax as a stockholder. State v. Nelson, 107 Minn. 319, 119 N. W. 1058. And in the case of a resident owning stock in a foreign corporation, the statute expressly directs that it be taxed as moneys and credits. If memberships in an unincorporated association be treated for taxation purposes the same as stockholders of a foreign corporation, then the tax on membership here would have brought less than the tax paid by the association and should not have been chosen as the method producing the highest tax. It appears to us that the procedure to tax both the memberships in unincorporated associations and the associations themselves so as to obtain a full, fair, and just tax without duplication or discrimination upon all the property of

such associations within the state and upon the members thereof is the one so clearly outlined in State ex rel. Goetzman v. Minnesota Tax Comm. 136 Minn. 260, 263, 161 N. W. 516, and wherein it is tersely stated:

"Members should not be required to pay taxes on the value of their memberships represented by the tangible property of the chamber [association] already assessed. Upon the excess value they should pay."

The judgment is affirmed.