DONALD S. HOLMES AND ANOTHER v. WALTER H. BORGEN.[1]

May 28, 1937.

No. 31,147.

[1]Reported in 273 N. W. 623.

98

*Baldwin, Holmes, Mayall & Reavill,* for appellants.

*William S. Ervin,* Attorney General, *John A. Pearson* and *Roy C. Smelker,* Assistant Attorneys General, and *Thomas J. Naylor,* County Attorney, for respondent.

*Sanborn, Graves, Appel, Andre & Morton, amici curiae,* filed a brief in support of certain points urged by appellants.

HOLT, JUSTICE.

Action for declaratory judgment. Each party moved for judgment on the pleadings. Plaintiffs' motion was denied and defendant's granted. Plaintiffs appeal from the judgment.

The pleadings disclose that Newell F. Russell died testate January 25, 1935, a resident of St. Louis county, this state, and that plaintiffs are the duly qualified executors of his will. Borgen, the defendant, is the county auditor of St. Louis county, this state. When Russell died and prior to 1929 he was and had been the owner

of 2,303 shares of the common stock of Bridgeman-Russell Company, a corporation organized under the laws of this state, having its principal place of business at Duluth, Minnesota, where most of its stockholders reside. When the corporation organized, all its assets were in Minnesota, and 60 per cent thereof are still here, but 40 per cent are located outside the state. The assets of the corporation within the state have always been assessed and the taxes paid thereon each year since its organization. Defendant now proposes, upon an opinion of the attorney general given in 1933, to tax the shares of stock mentioned, held by Russell's executors, as omitted moneys and credits for each of the years 1929 to and including 1934, at a percentage of its fair equivalent value to the percentage of its property not assessed or taxed in this state. The complaint alleged that prior to the opinion of the attorney general rendered in 1933 the opinions rendered by the incumbents of that office had been that the shares of stock in domestic corporations whose property was assessed and taxed in the state were not subject to a moneys and credits tax against resident holders thereof. The allegations of the complaint were admitted by the answer, and defendant joined plaintiffs in asking the court to determine whether the shares of stock held by plaintiffs were subject to the moneys and credits tax under 1 Mason Minn. St. 1927, §§ 1980 and 2337. The court made findings and conclusions of law, the latter of which are incorporated into the judgment, to the effect that the statutes just referred to were valid and in full force; that their meaning was that shares of stock in a corporation, foreign or domestic, having property assessed or taxed in this state, and also having property outside the state not taxed or assessed in this state, are taxable as credits, the value of each share of such stock for tax purposes being that percentage of the full value of such share of stock which the total value of the property of said corporation located outside the state and not assessed or taxed in this state bears to the total value of all the property of the corporation. And that during each of the years 1929 to 1934 the shares of stock of Bridgeman-Russell Company which belonged to decedent at the time of his death "were and now are taxable as credits at the percentage

of their full cash value above described, said Bridgeman-Russell Company being a Minnesota corporation having property assessed or taxed in the state of Minnesota and also having property located outside said state and not assessed or taxed therein."

The conclusions of law thus embodied in the judgment plaintiffs assailed by motion for amended conclusions, and here, by the assignments of error, they are attacked. The problem of taxation is wholly with the legislature. The assessing and taxing officials derive their authority from statutory provisions and must pursue the methods thus prescribed. The court has no right to devise means to supply what may be deemed omissions in the statute so as to make the tax burdens more equitable. In territorial times and during the early history of the state the taxation of the ordinary private corporation was more simple and of less importance than in later times. Many corporations have since been formed by our citizens in other states where the liabilities of stockholders were less onerous than in this state. Such corporations were intended to have their principal office in this state, where also was located the corporate property and business. Then we have both foreign and domestic corporations, part of whose property only is within this state subject to taxation. It of course is elementary that tangible property may only be taxed by the state wherein it is found. There may not be so much difficulty in reaching all taxable property of corporations within the state, be they foreign or domestic; but the trouble begins when a tax is also required of a resident holder of shares of corporate stock. If it be shares of stock in a corporation the property of which is assessed and taxed in this state, our statutes as well as decisions are clear that such shares are not taxable, not because exempt but because to do so would be double taxation, contrary to our taxation policy from the very beginning. Rev. St. 1851, c. 12, § 13, provided: "The owner, or holder, of stock in any incorporated company, which is taxed on its capital, shall not be taxed as an individual for such stock." Rev. St. 1866, c. 11, § 3, subd. 9, declared that no person shall be required to list for taxation "any share or portion of the capital stock or property of any company or corporation which is required

to list or return its capital and property for taxation in the state." By G. S. 1878, c. 11, § 7, it was enacted: "Every person * * * shall list all his moneys, credits, bonds or stock, shares of stock, of joint stock or other companies (when the property of such company is not assessed in this state)," etc. R. L. 1905, § 797, subd. 10, required the listing for taxation of "all shares in foreign corporations by residents of this state." And so does our present statute, § 1979, subd. 10. So far as taxing resident holders of shares of stock in foreign corporations, there is no legal obstacle because of double or duplicate taxation, even though the corporation has been assessed and taxed on all its property in the state of its domicile. There is no statute directly requiring a listing by a resident holder of shares of stock in a domestic corporation. Under our present statutes, a domestic corporation needs have a place of business and officers here, who are required to list all its property here located for taxation, together with such personal property as follows the domicile of its owner, *viz.*, its real and tangible personal property within the state; its moneys and credits must be assessed, and even its good will, as reflected in its income derived from all its property, whether in this state or outside, is taxed. Bemis Bro. Bag Co. v. Wallace, 197 Minn. 216, 266 N. W. 690; State v. First Bank Stock Corp. 197 Minn. 544, 267 N. W. 519, 269 N. W. 37. But, even in this situation, it may be true that, if a domestic corporation has some tangible property outside the state, the resident holders of shares therein may be legally taxed proportionately, as the trial court directed, if the taxing statutes provided a method therefor. While to the resident shareholder of corporate stock it is in fact double taxation whenever he is called on to pay taxes on his shares when the corporation has paid the tax on all its property, no matter what state has received the whole or part of the tax, yet, in a legal sense, he has no right to object to the double taxation except as to that proportion of the assessment on his shares which represents his interest in the property of the corporation taxed by this state. The above propositions, in respect to the policy of the state to avoid double taxation and its limitation, appear not only from the statute law referred to but also from our decisions.

Board of Co. Commrs. of Rice County v. Citizens Nat. Bank, 23 Minn. 280; State v. St. Paul Union Depot Co. 42 Minn. 142, 43 N. W. 840, 6 L. R. A. 234; State v. Nelson, 107 Minn. 319, 119 N. W. 1058; State v. N. P. Ry. Co. 130 Minn. 377, 153 N. W. 850; 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) §§ 9146, 9147, 9148.

The statutes directly involved are certain parts of 1 Mason Minn. St. 1927, §§ 1980 and 2337. As far as applicable to this case, the language is the same in both sections, defining credits to be listed for assessment and taxation to include "all shares of stock in corporations the property of which is not assessed or taxed in this state." The adoption of the three-mill money and credits tax by L. 1911, c. 285, and the amendment thereof by L. 1917, c. 130, and by L. 1923, c. 102 (§§ 2337-2349 of the Code) necessitated the change in § 1980. It is plain that §§ 2337-2349 provide for the listing for taxation of shares of stock in corporations held by a resident differently from other personal property. The rate is fixed at three mills. It is to be listed separately from other personal property (§ 2338), and § 2337 provides: "As hereinbefore defined, money and credits are hereby exempt from taxation other than that imposed by this act and shall hereafter be subject to an annual tax of three (3) mills on each dollar of the fair cash value thereof." This is not a statute exempting the property referred to from taxation and so to be strictly construed in favor of the state; but a classifying statute to be fairly if not liberally construed in favor of the holders of the shares to be taxed. So, when we go to the listing statutes, we find in § 1979 that a resident holder is required to list for assessment only "all shares of stock in foreign corporations," and, by § 1980, as credits "all shares of stock in corporations the property of which is not assessed or taxed in this state." The shares of stock here in question were not required to be listed for assessment under § 1979, for they are stock of a domestic and not a foreign corporation. They were not to be listed for taxation under § 1980 or § 2337, because the property of the corporation, within the reach of the taxing power of the state, has been assessed and taxed by this state. There is no provision in the taxing statutes to which our attention has been called authorizing any assessor or

taxing officer to determine what is to be done if part of the property of the corporation is assessed and taxed in the state and the remainder is in some other state so as not to be reached by the taxing power of this state. It may be conceded that there is an omission or defect in the statute, but it is not for the courts to remedy such. Where irregularities have occurred in the assessments but the proper officer has acted under some statutory provision, the court may disregard the irregularities. But this is not such a case. The judgment directs defendant to act in a manner not authorized by any statute.

The court below and respondent's counsel rely a great deal on the cases of State v. McPhail, 124 Minn. 398, 145 N. W. 108, 50 L.R.A.(N.S.) 255, Ann. Cas. 1915C, 538; Rogers v. County of Hennepin, 124 Minn. 539, 145 N. W. 112 (affirmed in 240 U. S. 184, 36 S. Ct. 265, 60 L. ed. 594) ; State ex rel. Goetzman v. Minnesota Tax Comm. 136 Minn. 260, 161 N. W. 516; State v. Molyneaux, 185 Minn. 199, 240 N. W. 468. The property involved in those cases consisted of memberships in an unincorporated association having no capital stock—a board of trade or a chamber of commerce membership. Such a membership may be very valuable. In the McPhail case the nature of such property was dealt with in detail. It is in the decisions mentioned likened to the shares of stock in a corporation in that it represents the interest of the member in the association. And therefore it is argued that shares of corporate stock, being personal property just as a certificate of membership in an unincorporated board of trade, should be listed for assessment and taxation just as a membership in the McPhail case. Section 1974 of the Code declares: "All real and personal property in this state, and all personal property of persons residing therein, including the property of corporations, banks, banking companies, and bankers, is taxable except such as is by law exempt from taxation." And §§ 1979 and 1980, while enumerating and defining property to be listed for taxation, do not exclude or exempt property not enumerated. The trouble with this argument is that shares of stock in corporations are enumerated in § 1979 as well as in §§ 1980 and 2337, and are therein classified with a special rate

of taxation fixed; but nowhere is a membership in an unincorporated board of trade referred to. Again, the McPhail, Rogers, and Goetzman cases were decided before shares of stock in a corporation were classified as credits and their rate of taxation fixed.

Another proposition is urged by plaintiffs, *viz.:* The assessors, the tax commission, and the attorney general, up to 1933, proceeded on the theory that shares of stock held by a resident in a corporation the property of which was here taxed should not be listed for taxation, thereby giving a practical construction to the taxing statutes which should be binding. In the report of the tax commission of 1908, p. 100, it is stated: "The owners of shares of domestic corporations as well as those holding the shares of foreign corporations certified to do business in Minnesota are not required to list their property, since the property of the corporation is listed and taxed as provided by § 838 of Revised Laws of 1905." In 1916 Report, p. 242, the commission, by way of questions and answers, instructed the taxing authorities on this subject thus: "Are the shares of stock of a corporation, the property of which is assessed and taxed in Minnesota, taxable against the holders thereof? Answer. No. The corporation pays the tax on its property and the shares of stock only represent ownership of such property. To tax the shares and the property they represent would be double taxation." The attorney general's opinions No. 485 and No. 486, Vol. 1917-1918, p. 335, support the previous answer of the tax commission. And in an opinion rendered by the attorney general (No. 261) May 31, 1932, it is stated: "The rule which the tax commission has followed in applying this section [§ 1980] is that if the corporation owns property in Minnesota in a substantial amount, which property is taxed in Minnesota, the shares are exempt." While we do not base our decision herein wholly upon the construction placed by the officials in charge of administering and enforcing the tax laws, such construction is entitled to considerable weight in case of ambiguity and seeming conflict in the statutes. For a long term of years shares of stock held by residents in a domestic corporation the property of which in a substantial amount was assessed and taxed in this state have not been required to be

listed for taxation, because the authorities considered that an attempt to tax such shares would be double taxation. The answer herein admitted that the taxing officials of the state generally construed and applied said laws on this subject in accordance with the opinions of the attorney general, but denies knowledge or information sufficient to form a belief as to whether all of said taxing officials at all times so construed or applied the law. As authorities sustaining the practical construction placed on ambiguous statutes by officials designated to administer them may be cited State v. N. P. Ry. Co. 95 Minn. 43, 103 N. W. 731; County of Hennepin v. Ryberg, 168 Minn. 385, 210 N. W. 105. The learned trial court relied on Board of Education v. Borgen, 192 Minn. 367, 256 N. W. 894. That case is hardly applicable. The taxing authorities had proceeded under a statute which the declaratory judgment held had been repealed by a later act. There was no effort in that case to tax, as omitted property, shares of corporate stock.

Clearly, our statutes provide that the resident holder of shares of stock in a corporation the property of which is assessed and taxed in this state is not to pay the three-mill tax exacted by §§ 2337-2349. No statute provides a method for taxing such shares when part of the property of the corporation is assessed and taxed in the state and part is located outside the state. We consider courts to be without authority equitably to adjust or apportion the tax in such situation. It is for the legislature to devise the method to be pursued or authorize its being done by some administrative body. Well considered decisions so hold. Commonwealth v. Fidelity Trust Co. 147 Ky. 77, 143 S. W. 1037; City of Detroit v. Kresge, 200 Mich. 668, 167 N. W. 39; Board of Commissioners v. Ryan, 107 Okl. 278, 232 P. 834; Dupuy v. Johns, 261 Pa. 40, 104 A. 565; Tennessee Fertilizer Co. v. McFall, 128 Tenn. 645, 163 S. W. 806.

The judgment is reversed and the cause is remanded with direction to amend the conclusions of law in conformity with this opinion.

Mr. Justice Stone took no part in the consideration or decision of this case.

Mr. Justice Peterson, having been attorney general when the appeal in this case was taken, took no part in its consideration or decision.

